

FILED

JAN 22 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN CLAYTON SKINNER, SR., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF MISSOULA, MISSOULA POLICE DEPARTMENT, JOHN DOES 1-3, JANE DOE, SUPERVISORS DOE, and CHIEF OF POLICE MARK HORNER, <br><br> Defendants. | CV 17-00070-M-DLC-JCL <br><br><br> FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff John Skinner, a prisoner proceeding without counsel, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated when Missoula police officers detained him and would not allow him to go inside the nearby building to use the restroom. (Doc. 1.) The Court screened Skinner's Complaint pursuant to 28 U.S.C. §§ 1915, 1915A and determined that it failed to state a federal claim upon which relief may be granted. (Doc. 4.) Skinner has now filed Amended Complaint. (Doc. 9.) However, Skinner provided even fewer factual allegations in his Amended Complaint than he did in his original Complaint. For the reasons set forth in the prior Order, this matter should be dismissed for failure to state a claim.

1

## I. ALLEGATIONS

In his original Complaint, Skinner alleged that he was detained by a Missoula City Police Officer on June 23, 2016 in a parking lot near a gas station. Skinner claims that while detained, he advised the officer he needed to urinate badly and that due to a medical condition (kidney surgery) he was unable to hold his urine at length. Skinner eventually began to urinate on himself which was visible to passersby. Instead of letting him use the restroom, Skinner alleges the officer took him to the bushes behind the gas station, forcing him to urinate in full view of motorists in the parking lot. (Complaint, Doc. 1 at 3-5.)

In his Amended Complaint, Skinner alleges he came into contact with police officers on June 23, 2016. While being detained he told an officer he needed to urinate badly and could not hold it due to his kidney surgery. After asking four to five times over the course of his detainment, he began to urinate on himself. The officer took him to the bushes behind a nearby gas station to urinate but he was in direct view of motorists in the parking lot. His request to go inside was denied. (Amended Complaint, Doc. 9 at 5, 9.)

## II. SCREENING

Because Skinner is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and

2

1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

### A. Fourth Amendment

As set forth in the Court's prior Order, the Fourth Amendment says that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const., Amend. IV. "A detention conducted in connection with a search may be unreasonable if it is unnecessarily painful, degrading, or prolonged, or if it involves an undue invasion of privacy. Detentions, particularly lengthy detentions, of the elderly, or of children, or of individuals suffering from a serious illness or disability raise additional concerns." *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994).

The Court found that the length of time Skinner was detained was necessary to determine if he had stated a claim. *See Heitschmidt v. City of Houston*, 161 F.3d 834, 837–39 (5th Cir. 1998) (finding that a detainee who was "held for more than four hours in painful restraints without being allowed access to a bathroom, even though he was not a target of the investigation and police had no articulable

3

reason for suspecting him of misconduct" had "at least conceivably alleged a violation of his clearly established Fourth Amendment right to be free from unreasonable seizure"); *Pac. Marine Ctr., Inc. v. Silva*, 809 F.Supp.2d 1266, 1286–87 (E.D.Cal. 2011) (although "[a] complete denial of the usage of the toilet over the period of many hours . . . might give rise to a constitutional violation," only "[o]ne request to use the restroom over a four hour period is not a constitutional violation."); *Campbell v. City of Bakersfield*, 2006 WL 2054072, at *27 (E.D. Cal. July 21, 2016)(denying summary judgment and qualified immunity after finding that "three refusals to use the restroom after six hours is arguably unnecessarily degrading and painful").

Skinner was advised that it was not clear why he was being detained or for how long and therefore he failed to present sufficient facts to rise to the level of plausibility required to state a Fourth Amendment claim. In his Amended Complaint, Skinner provides no additional information. He does not state how long he was detained or why he was detained. Thus, for the same reasons set forth in the prior Order, Skinner failed to present sufficient facts to rise to the level of plausibility required to state a Fourth Amendment claim.

## B. Fourteenth Amendment

Substantive due process refers to certain actions that the government may

not engage in, no matter how many procedural safeguards it employs. *See County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998); *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988). "Only official conduct that 'shocks the conscience' is cognizable as a due process violation." *Porter v. Osborn*, 952 F.3d 1131, 1137 (9th Cir. 2008) (*quoting Lewis*, 523 U.S. at 846).

The Court previously found that Skinner's claim to be free from humiliation was markedly different from previously recognized rights and the Court was not aware of any authority that holds, either directly or by analogy, that the Due Process Clause of the Fourteenth Amendment protects such an interest. Skinner's allegations are not the type of actionable behavior that "shocks the conscience." Since he failed to provide any additional information regarding his claims, the Court stands by its previous determination that Skinner's allegations fail to state a substantive due process claim.

## III. CONCLUSION

The Court has considered whether Skinner's Amended Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Skinner's allegations fail to state a plausible claim upon which relief may be granted.

Although Skinner need not set forth detailed factual allegations, the Court

previously advised him that he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted). Further, as the Supreme Court has made clear, if a "complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). The Court explained the defects in Skinner's claims in its prior Order. Skinner was given an opportunity to provide additional factual allegations regarding his claims and he did not provide any additional facts.

Given his attempt at amendment, it is now clear that Skinner is unable to cure the deficiencies of his federal civil rights claims by amendment and that granting him further leave to amend would be futile. The Court therefore recommends that the case be dismissed without further leave to amend and with prejudice for failure to state a claim. *See, e.g., Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (explaining that a "district court's discretion in denying amendment is particularly broad when it has previously

6

given leave to amend"); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Skinner failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Skinner may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 22nd day of January, 2018.

Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Skinner is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.